# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF A. DURRANI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DAVID JENNINGS, et al.,<br><br>　　　　　Respondents. | Case No. 5:19-cv-01889-MFW (AFM)<br><br>**ORDER DISMISSING PETITION AS MOOT** |

## BACKGROUND

On October 2, 2019, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed the petition, Petitioner was subject to a final order of removal and was in custody of the United States Immigration and Customs Enforcement ("ICE"). The petition challenges Petitioner's continued detention by ICE pending his removal. Specifically, the petition alleges that Petitioner has been detained without removal for longer than six months and is entitled to be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 1 at 5-7.)

On November 13, 2019, Respondents filed a Notice of Removal including

documentation showing that on November 7, 2019, Petitioner was removed from the United States. As a result, Respondents urge that the petition should be dismissed as moot. (ECF No. 7.) On November 25, 2019, Petitioner filed a response. Petitioner concedes that he has been removed and is no longer in ICE custody. Nevertheless, he attempts to challenge the validity of the underlying removal order by, among other things, relitigating the determination that he is not a United States citizen. (ECF No. 14.)

## DISCUSSION

Federal court jurisdiction is limited to adjudication of actual cases and live controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam). A petition for a writ of habeas corpus becomes moot when a prisoner who requests release from custody is released before the court has addressed the merits of the petition. *See Lane v. Williams*, 455 U.S. 624, 631 (1982); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

The petition requests an order releasing Petitioner from ICE custody. (ECF No. 1 at 6-7.) Petitioner, however, already has been released from ICE custody. As a result, there is no additional relief that this Court could grant him. This is true notwithstanding Petitioner's challenge to the underlying removal order, including his allegations that he is actually a United States citizen. (*See* ECF No. 14.) This Court lacks jurisdiction to review the final order of removal issued in Petitioner's case; instead, such challenges must be presented to the Court of Appeals. *See* 8 U.S.C. § 1252(a)(5); *Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (the circuit courts are "the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal"); *Iasu v. Chertoff*, 426 F. Supp. 2d 1124, 1127 (S.D. Cal. 2006) (petitioner, who was subject to final order of removal, was required to raise his claim that he was a United States citizen in the court of appeals; district court lacked jurisdiction to consider it), *aff'd*, 511 F.3d 881 (9th Cir. 2007). Petitioner himself notes that he has filed a petition for review challenging the removal order,

and that petition is currently pending in the Ninth Circuit. (ECF No. 1 at 4; *see Durrani v. Barr*, Ninth Circuit Case No. 18-72662.)

The only issue raised in the habeas petition here − and the only one properly before this Court − is whether Petitioner's continued detention violates the Constitution. *See Zadvydas*, 533 U.S. at 689 (in light of the Constitution's demands, an alien's post-removal-period detention is limited to "a period reasonably necessary to bring about that alien's removal from the United States"). As a result of Petitioner's removal, the question of the constitutional validity of his continued detention no longer presents a live controversy. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("a petitioner's release from detention under an order of supervision 'moot[s] his challenge to the legality of his extended detention'"); *Martinez-Reyes v. Burns*, 2011 WL 1375293, *2 (C.D. Cal. Mar. 18, 2011) ("since petitioner's removal from the United States has released him from ICE custody, he has received the only relief this Court might provide him, and the pending Petition is moot"), *report and recommendation adopted*, 2011 WL 1375163 (C.D. Cal. Apr. 11, 2011).

For the foregoing reasons, the petition is dismissed without prejudice as moot, and the case is closed.

It is so ordered.

DATED: December 2, 2019

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE